United States Court of Appeals,

Eleventh Circuit.

No. 95-4951

Non-Argument Calendar.

Phillip VAN ZANT, Petitioner-Appellant,

v.

FLORIDA PAROLE COMMISSION, Respondent-Appellee.

Jan. 24, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-14237-CV-JCP), James C. Paine, Judge.

Before TJOFLAT, COX and BLACK, Circuit Judges.

PER CURIAM:

Phillip Van Zant appeals the district court's denial of his *pro se* habeas petition challenging a parole revocation proceeding. We reverse and remand with instructions to dismiss the petition for lack of subject matter jurisdiction because Van Zant was not "in custody" under 28 U.S.C. § 2241 to challenge the parole revocation at the time of the filing of his petition.

## I. BACKGROUND

In 1979, Van Zant entered a plea of *nolo contendere* to second degree murder and was sentenced to life imprisonment. On August 16, 1983, the Florida Parole Commission (the Commission) released Van Zant on parole. On December 18, 1985, his parole was revoked. On June 3, 1986, Van Zant was released on parole for a second time. His second parole was revoked on September 30, 1987. As a result of this second violation, the Commission enhanced Van Zant's presumptive parole release date by five years for having two parole revocations and set the date at October 29, 2006. From 1989 to

1991, Van Zant unsuccessfully challenged the second parole revocation in state courts. After exhausting his state remedies, Van Zant filed a federal habeas corpus petition. On July 29, 1992, the district court dismissed the petition as moot because Van Zant had been released on parole for the third time on October 29, 1991.[1] Van Zant's third parole was revoked on August 19, 1992. On January 12, 1993, the Commission established Van Zant's next parole date at July 23, 2005, having enhanced it by ten years for three parole revocations. Van Zant is currently incarcerated.

On September 22, 1994, Van Zant filed the instant habeas petition reasserting his previous challenges to the second revocation. He alleged that at the preliminary hearing he was denied counsel, denied the right to confront witnesses, prejudiced by the admission of uncharged criminal conduct, and denied the opportunity to present witnesses. He also alleged that his parole revocation violated Florida statutes and that the Commission had abused its discretion. The Commission responded that Van Zant was no longer "in custody" under 28 U.S.C. § 2241 to challenge the second parole revocation because he had been released from the incarceration resulting from the second parole revocation.

The magistrate judge found that Van Zant was "in custody" because the second revocation had been used to enhance his current parole date. The magistrate judge then recommended denying relief, finding Van Zant's claims meritless. The district court adopted the magistrate's report, and denied Van Zant's petition. On

---

[1]It appears that Van Zant did not pursue a timely appeal of his federal habeas petition. On October 14, 1994, the district court entered an "Order Denying Motion for Belated Appeal."

appeal, Van Zant repeats the merits of his claims.

## II. DISCUSSION

Federal district courts have jurisdiction to entertain habeas petitions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner is not "in custody" to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). When the "sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody' for the purposes of a habeas attack upon it." *Id.* at 492, 109 S.Ct. at 1926. However, we have held that the Supreme Court in *Maleng* left open the possibility that petitioners who are currently incarcerated may challenge the enhancement of their current sentences by prior convictions for which the sentence has completely expired. *White v. Butterworth,* 70 F.3d 573, 574 (11th Cir.1995), *corrected,* 78 F.3d 500 (11th Cir.1996); *Harper v. Evans,* 941 F.2d 1538, 1539 (11th Cir.1991); *Battle v. Thomas,* 923 F.2d 165, 166 (11th Cir.1991). In order to meet the "in custody" requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather that directly challenging the expired conviction. Therefore, a petitioner may challenge an expired conviction only if, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2)

has been enhanced by the expired conviction.[2]

The issue is whether Van Zant is incarcerated under a current sentence that has been enhanced by the parole revocation he seeks to expunge. Van Zant asserts that the imposition of a parole date is equivalent to incarceration under a current sentence and his parole date has been enhanced by an extra five years on account of the parole revocation.[3] He seeks relief from this Court to expunge the second parole revocation from his record so that it will not be used to enhance his current parole date.

Initially, we note that the grant of parole is entirely discretionary, and the parole release date is just a presumption, not an effective release date. *See Florida Parole and Probation Commission v. Paige,* 462 So.2d 817, 819 (Fla.1985) ("Placement of the inmate on parole on the date of his presumptive parole release

---

[2]This case does not concern the issue of mootness. The issue of jurisdiction under the habeas statute precedes and is separate from the issue of mootness. *Tyars v. Finner,* 709 F.2d 1274, 1278-80 (9th Cir.1983). Mootness is an issue of constitutional dimension. *Id.* If the district court has jurisdiction at the time of the filing of the habeas petition, but at the time of decision, the challenged sentence has expired, the court must decide whether the petition is moot. A determination that the petitioner may suffer adverse collateral consequences from an expired sentence will not, however, create jurisdiction when no jurisdiction was present at the time the petition was filed.

[3]We do not decide whether imposition of a parole date is equivalent to incarceration under a current sentence. We note that Van Zant was imprisoned for life and his habeas petition does not challenge that conviction. He challenges the revocation of his second parole in 1987 which resulted in a reinstatement of his life sentence. The sentence of reinstatement expired when he was subsequently paroled for the third time in 1991. The proper time to file a federal habeas petition in this case was after the second parole revocation and before being subsequently paroled. Apparently, Van Zant filed such a petition, but he did not seek review of the district court's denial of the petition. *See supra* note 1.

date ... is not automatic."). In this case, Van Zant was released in 1991, well before his parole date of October 29, 2006. The Commission has "the ultimate discretion in deciding whether to parole." *Id.* The Supreme Court has directed that federal "courts should be particularly deferential to the informed discretion of corrections officials." *Turner v. Safley,* 482 U.S. 78, 90, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987).

We hold that the relationship between the challenged parole revocation and Van Zant's current parole date is too "speculative and remote" for us to find that the parole revocation enhanced Van Zant's parole date. *Sinclair v. Blackburn,* 599 F.2d 673, 675-76 (5th Cir.1979), *cert. denied,* 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980).[4] In *Sinclair,* we held that the petitioner was not in custody to challenge a prior expired conviction when that conviction had merely been one of many factors used to deny parole. We held that the relationship between the prior expired conviction and the current custodial sentence was too "speculative and remote" to establish custody. *Id.* at 676. The effect of the parole revocation in this case is even more speculative than in *Sinclair.* With two parole revocations on Van Zant's record, the Commission set the parole date at October 29, 2006. With three parole revocations on his record, however, the Commission accelerated his parole date to July 23, 2005. Even assuming that imposition of a parole date is equivalent to incarceration under a current

---

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

sentence, Van Zant cannot challenge the parole revocation because its enhancement effect on his current parole date is too "speculative and remote." The district court, therefore, erred in addressing Van Zant's claims on the merits because it had no jurisdiction to entertain Van Zant's habeas petition.

## III. CONCLUSION

We reverse and remand for the district court to dismiss the petition for lack of subject matter jurisdiction.

REVERSED and REMANDED.