Clay MEANS, Petitioner-Appellant,

v.

STATE OF ALABAMA, Bill Pryor, Attorney General of the State of Alabama, Respondents-Appellees.

No. 98-6626

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

April 18, 2000.

Appeal from the United States District Court for the Northern District of Alabama. (No. 97-01684-CV-S-S), C. Lynwood Smith, Jr., Judge.

Before ANDERSON, Chief Judge, and COX and WILSON, Circuit Judges.

PER CURIAM:

Clay Means, a federal prisoner proceeding *pro se,* appeals from the district court's denial of his habeas corpus petition, brought under 28 U.S.C. § 2254, attacking a state conviction whose sentence had run that was used to enhance his current federal sentence.

On appeal, Means argues that the district court correctly construed his habeas petition as arising under § 2254. The district court found that Means's claim was procedurally barred. Means maintains that the claim was not procedurally barred, or, in the alternative, that he met the burden of showing actual innocence to overcome that bar.

A district court's grant or denial of a habeas corpus petition is reviewed *de novo. See Sims v. Singletary,* 155 F.3d 1297, 1304 (11th Cir.1998), *cert. denied,* --- U.S. ----, 119 S.Ct. 2373, 144 L.Ed.2d 777 (1999).

Under § 2254, federal district courts have jurisdiction to entertain habeas petitions only from people who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has held that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired. *See Maleng v. Cook,* 490 U.S. 488,

490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). But we have held that the Court in *Maleng* permitted currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence. *See White v. Butterworth,* 70 F.3d 573, 574 (11th Cir.1995), *corrected,* 78 F.3d 500 (11th Cir.1996). "In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction." *Van Zant v. Florida Parole Commission,* 104 F.3d 325, 327 (11th Cir.1997). In this way a petitioner can challenge the expired sentence. *See id.* However, a petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255. *See Birdsell v. State of Alabama,* 834 F.2d 920 (11th Cir.1987).

Means claims that he intended to bring his petition under 28 U.S.C. § 2254. It is true that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief. *See United States v. Jordan,* 915 F.2d 622, 624-25 (11th Cir.1990). However, § 2255 designates the United States Attorney as the proper defendant in such an action. Therefore, we conclude that we do not have jurisdiction to entertain this action and that it should have been brought as a § 2255 petition. Accordingly we remand this action to the district court with instructions to serve notice of this petition on the United States Attorney and thereafter to construe this action as a § 2255 petition. The State of Alabama shall be permitted to participate in this action as an amicus curiae.

VACATED and REMANDED.[1]

---

[1]Petitioner's request for oral argument is hereby denied.