]                                                                    [ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18 2000
THOMAS K. KAHN
CLERK

_____

No. 98-6626
Non-Argument Calendar

_____

D.C. Docket No. 97-01684-CV-S-S

CLAY MEANS,

Petitioner-Appellant,

versus

STATE OF ALABAMA,
BILL PRYOR, ATTORNEY GENERAL
OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

**(April 18, 2000)**

Before ANDERSON, Chief Judge, and COX and WILSON, Circuit Judges.

PER CURIAM:

Clay Means, a federal prisoner proceeding pro se, appeals from the district court's denial of his habeas corpus petition, brought under 28 U.S.C. § 2254, attacking a state conviction whose sentence had run that was used to enhance his current federal sentence.

On appeal, Means argues that the district court correctly construed his habeas petition as arising under § 2254. The district court found that Means's claim was procedurally barred.  Means maintains that the claim was not procedurally barred, or, in the alternative, that he met the burden of showing actual innocence to overcome that bar.

A district court's grant or denial of a habeas corpus petition is reviewed de novo.  See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998), cert. denied, 119 S. Ct. 2373 (1999).

Under § 2254, federal district courts have jurisdiction to entertain habeas petitions only from people who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Supreme Court has held that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired.  See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989).  But we have held that the Court in Maleng permitted currently incarcerated petitioners to challenge a

sentence enhanced by an expired sentence. See White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995), corrected, 78 F.3d 500 (11th Cir. 1996). "In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction." Van Zant v. Florida Parole Commission, 104 F.3d 325, 327 (11th Cir. 1997). In this way a petitioner can challenge the expired sentence. See id. However, a petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255. See Birdsell v. State of Alabama, 834 F.2d 920 (11th Cir. 1987).

Means claims that he intended to bring his petition under 28 U.S.C. § 2254. It is true that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief. See United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). However, § 2255 designates the United States Attorney as the proper defendant in such an action. Therefore, we conclude that we do not have jurisdiction to entertain this action and that it should have been brought as a § 2255 petition. Accordingly we remand this action to the district court with instructions to serve notice of this petition on the United States Attorney and thereafter to construe this action as a § 2255 petition.

The State of Alabama shall be permitted to participate in this action as an amicus curie.

**VACATED and REMANDED.**[1]

---

[1]  Petitioner's request for oral argument is hereby denied.