**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILLIP B. CARTHEN,

      Petitioner-Appellant,

v.

RANDELL WORKMAN,

      Respondent-Appellee.

No. 04-6205

Western District of Oklahoma

(D.C. No. 03-CV-1721-R)

**ORDER** [*]

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

      Phillip B. Carthen, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2254.    *See* 28 U.S.C. § 2253(c)(1)(A).  Because we conclude that Mr. Carthen has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal.  28 U.S.C. § 2253(c)(2).

      Mr. Carthen's habeas petition attacks an expired 1998 conviction in Oklahoma state court that he contends was used to enhance a current sentence on

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

unrelated charges. Mr. Carthen pled guilty in 1998 to a single count of assault and battery on a police officer and was sentenced to a one-year term of imprisonment on September 11, 1998. Mr. Carthen was represented by court-appointed counsel at his preliminary hearing and at sentencing. Mr. Carthen did not file a direct appeal, but some time later he filed a motion for post-conviction relief in Oklahoma state court, which was denied on October 2, 2002. Mr. Carthen's appeal of this denial was dismissed by the Oklahoma Court of Criminal Appeals on December 17, 2002 for failure to provide an adequate record. Mr. Carthen now claims that the offense underlying his 1998 conviction was a misdemeanor under state law, but was later characterized as a felony for the purposes of enhancing his current sentence. Mr. Carthen maintains that this characterization violated his right to equal protection as well as the provisions of Article 1, § 9, clause 3 of the United States Constitution.

The dismissal of a petition for habeas relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

2

proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). The district court did not reach the merits of Mr. Carthen's petition, adopting instead the magistrate court's recommendation to dismiss the petition for want of jurisdiction. When a district court disposes of a habeas petition without reaching the merits, a COA will not issue unless the petitioner states an arguable constitutional claim and makes a showing that reasonable jurists could debate the propriety of the means by which the district court disposed of the petition. *Id*. In light of Supreme Court precedent requiring in almost every case the dismissal of habeas petitions seeking to attack expired convictions used to enhance subsequent sentences, Mr. Carthen cannot demonstrate that reasonable jurists would debate the propriety of disposing of his petition without reaching its merits.

A federal district court may entertain a petition for habeas relief from a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Because the petition attacks the expired 1998 conviction, the magistrate court concluded that Mr. Carthen was not "in custody" as required by § 2254. In the magistrate judge's formulation, a federal court lacks jurisdiction to hear a habeas petition under § 2254 when the sentence being attacked has expired: "As a prerequisite to this Court's assumption of jurisdiction

3

over any habeas corpus claim, it is necessary that the petitioner be 'in custody' under the judgment he attacks." Report and Recommendation at 2. The district court agreed, finding that it had no jurisdiction to hear a § 2254 petition attacking an expired conviction. Order at 2. In dismissing the petition, both magistrate court and district court reached the correct result. They did so, however, through an inaccurate statement of the law regarding federal courts' jurisdiction to hear petitions under § 2254.

While federal courts do not ordinarily have jurisdiction under § 2254 to entertain attacks on expired sentences, they do have jurisdiction when an expired sentence has been used to enhance a sentence currently being served. *Maleng v. Cook*, 490 U.S. 488, 493–94 (1989). Under these circumstances, the petitioner's current incarceration satisfies the "in custody" requirement, and jurisdiction attaches even when the petitioner has identified the expired conviction as the one under attack. If such a petition is "construed with the deference to which *pro se* litigants are entitled, [it] can be read as asserting a challenge to the [current] sentences, as enhanced by the allegedly invalid prior conviction, . . . satisfy[ing] the 'in custody' requirement for federal habeas jurisdiction." *Id*. (citations omitted). Like the petitions in *Maleng* and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), Mr. Carthen's petition can be read as an attack on the sentence he currently serves, satisfying the "in custody" requirement of §

4

2254. The magistrate and district courts therefore erred in determining that they lacked jurisdiction to consider the petition. [1]

That a court has jurisdiction over a claim is no guarantee that the court may properly reach its merits, however. Subject to two narrow exceptions, a petitioner may not use § 2254 to make a collateral attack on an expired sentence used to augment a current one:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403–04 (citation omitted).

The only exceptions to this general rule are claims that the expired conviction was obtained (1) without the assistance of appointed counsel in violation of the Sixth Amendment, or (2) under circumstances in which a

---

[1]The district court quoted *Broomes v. Ashcroft*, 358 F.3d 1251 (10th Cir. 2004), in support of its conclusion that it lacked jurisdiction to entertain the petition. While portions of *Broomes* could be read to support the district court's conclusion, the better reading of *Broomes* is that its holding rests not on the statute's "in custody" language, but on its requirement that a petitioner be in custody "pursuant to the judgment of a State court," a requirement not satisfied on the facts of *Broomes*. *See id.* at 1254 ("[Petitioner] is not currently 'in custody pursuant to a judgment of a State court,' but rather is in federal custody awaiting a final removal determination by the Immigration and Naturalization Service.") (quoting 28 U.S.C. § 2254(a)).

5

defendant "can[not] be faulted for failing to obtain timely review of a constitutional claim" because no avenue of review was available. *Id.* at 404–05. Mr. Carthen attempts to bring his claim within the second exception to the rule in *Coss* by arguing that he did not know how to appeal his conviction and therefore failed to pursue his claims on direct appeal through no fault of his own. Mr. Carthen maintains that his lawyer failed to explain to him the procedures by which his conviction could be appealed and that the sentencing court and his attorney both failed to advise him that he had meritorious grounds for an appeal or to contact him after his sentencing hearing to see whether he wished to appeal.

We do not require sentencing courts and criminal defense attorneys, following a guilty plea, to protect and pursue defendants' right to appeal with the tender solicitude for which Mr. Carthen contends. Indeed, attorneys do not have an absolute duty even to inform a defendant who has pled guilty of his right to appeal. *Laycock v. New Mexico*, 880 F.2d 1184, 1187–88 (10th Cir. 1989). Sentencing courts do not have a duty to advise defendants of the right to appeal following a plea of guilty, still less a duty to contact defendants after sentencing to offer legal advice regarding the desirability of or proper procedures for an appeal. *Crow v. United States*, 397 F.2d 284, 285 (10th Cir. 1968). Moreover, Mr. Carthen admits that the sentencing court did in fact inform him of his right to appeal at his sentencing hearing. By his own account, he knew of his right to

6

appeal his conviction and failed to pursue it. "[A] defendant properly bears the consequences of . . . forgoing otherwise available review of a conviction . . . ." *Coss*, 532 U.S. at 405. Because Mr. Carthen has failed to bring his case within the *Coss* exceptions, it falls instead within the general rule precluding the use of § 2254 to attack expired convictions. [2]

Mr. Carthen also appeals the denial of his motion to proceed *in forma pauperis*. "In order to succeed on [a] motion [to proceed *in forma pauperis*], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th

---

[2]In disposing of Mr. Carthen's request for a COA, we do not reach the substance of his claim but do note in passing that, beyond his bare assertions, he has offered no evidence that the expired conviction he attacks was in fact used to augment his current sentence. While Mr. Carthen stoutly maintains that his current sentence was increased in length from one year to twenty due to the single expired conviction that is the subject of his habeas petition, the record includes a letter from the Oklahoma Indigent Defense System observing that Mr. Carthen had four prior felony convictions in addition to the expired conviction. The letter opines that all four of the other convictions could be used for purposes of enhancement. While we have not had occasion to consider this matter before, it is reasonable to conclude, as several of our sister circuits have, that a petitioner who would attack an expired sentence because it has enhanced a current sentence must make some showing that the first sentence actually had the effect of augmenting the second. *See Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327–28 (11th Cir. 1997); *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir. 1989); *Young v. Lynaugh*, 821 F.2d 1133, 1137 (5th Cir. 1987).

7

Cir. 1991). Because Mr. Carthen cannot make a reasoned nonfrivolous argument in support of the issues he raises on appeal, his request to proceed *in forma pauperis* must also be denied.

Accordingly, we **DENY** Phillip B. Carthen's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Patrick Fisher, Clerk