[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-13592
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 06-80597-CV-DTKH, 04-80138 CR-DTK

ROSEMARY SCHIER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 19, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Rosemary Schier, a former federal prisoner, appeals the denial of her motion

for habeas relief, brought pursuant to 28 U.S.C. § 2255 before the termination of

1

her term of supervised release.[1]  Schier argues that her trial counsel provided ineffective assistance by (1) stipulating that the ice pick was a dangerous weapon, (2) conceding her guilt in his opening statements and his direct examination of Schier, and (3) failing to present evidence that the ice pick was not a valuable collectible.  After careful review, we affirm.

Whether a defendant's trial counsel was ineffective is a mixed question of fact and law subject to de novo review.  Brownlee v. Haley, 306 F.3d 1043, 1058 (11th Cir. 2002).  "[I]n habeas proceedings, unlike direct appeals, the petitioner bears the burden of establishing [her] right to relief . . . ."  Blankenship v. Hall, 542 F.3d 1253, 1274 (11th Cir. 2008).

To prevail on a claim of ineffective assistance of counsel, the defendant must show: (1) that her counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that she suffered prejudice as a result of that deficient performance.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  We need not "address both components of the inquiry if the defendant makes an insufficient showing on one."  Id. at 697.

---

[1] Schier was convicted and sentenced to two years' supervised release on March 18, 2005, meaning that her sentence should have expired on March 17, 2007, at the latest.  Schier filed the present § 2255 petition on June 20, 2006, before her sentence had expired.  Although her case continued after her sentence expired, her motion to vacate is not moot because she filed her motion while she was still serving her sentence for the conviction.  Van Zant v. Fla. Parole Comm'n, 104 F.3d 325, 327 n.2 (11th Cir. 1997).

2

To meet the deficient performance prong of the Strickland test, the defendant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. at 689. Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Even if a decision appears to have been wrong, the decision will be held ineffective only if it was so unreasonable that no competent attorney would have chosen it. Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983); see also Chandler, 218 F.3d at 1315 ("for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take").

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Id. at 693.

First, we find no merit to Schier's argument that her trial counsel provided ineffective assistance by stipulating that the ice pick was a dangerous weapon. "An individual shall be fined under title 18, imprisoned for not more than 10 years, or both, if the individual . . . when on, or attempting to get on, an aircraft in, or intended for operation in, air transportation or intrastate air transportation, has on or about the individual or the property of the individual a concealed dangerous weapon that is or would be accessible to the individual in flight." 49 U.S.C. § 46505(b)(1) (originally enacted as 49 U.S.C. § 1472(l)). In United States v. Dukovich, we cited with approval United States v. Brown, 508 F.2d 427, 430 (8th Cir. 1974), in which the Eighth Circuit affirmed the district court's finding that a loaded tear gas gun discovered in a preboarding search was a "dangerous weapon" within the meaning of 49 U.S.C. § 1472(l) under both the "per se (inherent) and use capacities of the weapon," and it was not necessary to show any evidence that the appellant intended to use the pistol in a dangerous manner. United States v. Dukovich, 11 F.3d 140, 142 (11th Cir. 1994) (concerning the applicability of a sentencing guideline enhancement for possession of a "dangerous weapon"). In United States v. Garrett, 984 F.2d 1402, 1406-09 (5th Cir. 1993), the Fifth Circuit discussed at length several cases from different circuits that have considered what constitutes a "dangerous weapon" under 49 U.S.C. § 46505(b)(1), including United

4

States v. Dishman, 486 F.2d 727 (9th Cir. 1973), which held that there is no need to show any intent to use the dangerous weapon, and United States v. Margraf, 483 F.2d 708 (3d Cir. 1973) (en banc), vacated and remanded on other grounds, 414 U.S. 1106 (1973) (vacated and remanded by the Supreme Court based on Solicitor General's recommendation that the complaint be dismissed), which held that there is no need to show that the defendant was aware that his weapon, a pocket knife, was dangerous.

As this case law shows, Schier has not met the first prong of the Strickland test by demonstrating that counsel's stipulation that the ice pick was an inherently dangerous weapon was not within the "range of reasonable professional assistance." Strickland, 466 U.S. at 687-89. Counsel's decision to stipulate that the ice pick was an inherently dangerous weapon could be considered "sound trial strategy," because: (1) there is no caselaw to support Schier's argument that the court needed to find that she had any intent to use the ice pick; and (2) it allowed counsel to focus the court's attention on whether Schier's actions met the "knowingly" element of the crime. Accordingly, Schier has not demonstrated that her counsel's conduct was so unreasonable that no competent attorney would have chosen it, and it does not constitute ineffective assistance under the first prong of Strickland. See Adams, 709 F.2d at 1445; Chandler, 218 F.3d at 1315.

Second, we are unpersuaded that trial counsel was ineffective and violated her right to counsel when he conceded her guilt in his opening statements and by preparing her to testify in a manner that resulted in an inadvertent concession of guilt. Although counsel's complete concession of a client's guilt in front of the jury may constitute ineffective assistance of counsel, there is a distinction between a statement which constitutes a tactical retreat, and one which amounts to a "surrender of the sword." Messer v. Kemp, 760 F.2d 1080, 1091 n.6 (11th Cir. 1985) (quotations omitted). It is only a " complete concession of the defendant's guilt" which constitutes ineffective assistance of counsel. Id. (quotations omitted).

As the record shows, Schier's counsel never completely conceded her guilt. Rather, Schier's trial counsel acknowledged in his opening statement that Schier concealed the ice pick while on the plane. Additionally, counsel did not instruct Schier to admit her guilt; instead, her testimony indicates she was instructed to admit putting the ice pick in her sleeve. In light of the fact that two government witnesses would testify to seeing Schier hide the ice pick in her sleeve, as well as her post-arrest statements admitting she concealed the ice pick, counsel made the strategic choice to acknowledge that she briefly tried to hide the ice pick. While it is true that Schier's confession that she put the ice pick in her sleeve undermined her defense that she did not knowingly possess the ice pick, it was within the range

6

of reasonable professional assistance for the defense not to contest what two witnesses saw. Moreover, counsel's decision to argue that Schier did not knowingly bring the ice pick onto the plane was reasonable in light of the record. Because Schier's counsel made a tactical decision to admit certain elements of the crime in the face of overwhelming evidence, while focusing the defense on Schier's mental state, his conduct was not so unreasonable that no competent attorney would have chosen it, and it does not constitute ineffective assistance under the first prong of Strickland. See Adams, 709 F.2d at 1445; Chandler, 218 F.3d at 1315; Messer, 760 F.2d at 1091 n.6.

Finally, we reject Schier's claim that trial counsel was ineffective for failing to present evidence that the ice pick was not a valuable collectible. On this record, evidence of the ice pick's value was not dispositive as to whether Schier would have wanted to keep the item. It was therefore reasonable for trial counsel not to present evidence on the collateral issue of the ice pick's worth, and instead to focus the court's attention on whether Schier knowingly boarded the plane with the ice pick. And while evidence that the ice pick was not valuable may have bolstered the argument that one of the government witnesses incorrectly remembered his conversation with Schier, Schier's counsel presented other evidence to discredit this witness. As we have said, "counsel's reliance on particular lines of defense to

7

the exclusion of others -- whether or not he investigated those other defenses -- is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler, 218 F.3d at 1318. In short, trial counsel's decision not to present evidence concerning the value of the ice pick was a strategic decision that fell within the range of reasonable professional assistance. See Strickland, 466 U.S. at 687-89; Chandler, 218 F.3d at 1314.

Accordingly, we affirm the district court's denial of Schier's § 2255 motion.

**AFFIRMED.**