[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15609
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-02084-VMC-EAJ

JOHN DAVID WILSON, JR.,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

John David Wilson, Jr. -- a Florida prisoner here proceeding pro se -- appeals the district court's order dismissing his pro se motion, which the district court construed as a petition for habeas relief, filed pursuant to 28 U.S.C. § 2254. No reversible error has been shown; we affirm.

The procedural history pertinent to this appeal involves two state court criminal proceedings. In state case No. 99-18481, Wilson pleaded guilty to aggravated stalking; he was sentenced to five years' community control.

In state case No. 00-12480, Wilson was convicted of attempted first-degree murder and of aggravated battery. In October 2001, the state court sentenced Wilson to life imprisonment for each of his two convictions, to run concurrently. On the same day, the state court revoked Wilson's probation in case No. 99-18481. Wilson was then sentenced in No. 99-18481 to 60 months' imprisonment, to run concurrently with the life sentences imposed in case No. 00-12480.

In 2007, Wilson filed a pro se 28 U.S.C. § 2254 petition, seeking relief from his convictions and concurrent life sentences in case No. 00-12480. In reviewing Wilson's 2007 petition, the district court noted expressly that Wilson raised no challenge to his conviction in case No. 99-18481. The district court denied

2

Wilson's section 2254 petition.  This Court then denied Wilson a certificate of appealability.

In 2015, Wilson filed the pro se motion now at issue in this appeal.  In his motion -- which Wilson purported to file pursuant to Fed. R. Civ. P. 60(b) -- Wilson sought relief from his conviction and 60-month sentence in case No. 99-18481.  The district court construed Wilson's motion as a second or successive section 2254 petition.  Because Wilson had received no authorization to file a second or successive habeas petition from this Court, the district court dismissed without prejudice the petition for lack of jurisdiction.

We review de novo questions about the district court's jurisdiction. Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007).  When reviewing a motion filed by a pro se prisoner, we look behind the label of the motion to determine whether the motion is cognizable under a different remedial statutory framework.  Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010).

In his motion, Wilson sought to challenge the validity of his state conviction for aggravated assault.  Rule 60(b), however, is a rule of civil procedure and provides no relief from a criminal judgment.  See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).  The district court thus construed properly Wilson's motion as a section 2254 petition for habeas relief.  See Muhammad v.

3

Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus").

The government concedes -- and we agree -- that Wilson's petition is not "second or successive." In his 2007 habeas petition, Wilson challenged only his conviction and sentences in case No. 00-12480. Because the section 2254 petition at issue in this appeal is Wilson's first collateral attack on his conviction in case No. 99-18481, the petition is not subject to the limitation on "second or successive" petitions.

Wilson's petition is still subject to dismissal, however, because Wilson has failed to satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3). District courts have jurisdiction over petitions for habeas relief only when the habeas petitioner -- at the time his petition is filed -- is "in custody" under the conviction or sentence he seeks to challenge. Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (interpreting the language in 28 U.S.C. § 2241(c)(3)). Once the sentence for a conviction has fully expired, the petitioner is no longer "in custody" for purposes of challenging that conviction. Id. at 491.

Here, Wilson began serving his 60-month sentence in case No. 99-18481 in October 2001. When Wilson filed his construed section 2254 petition in 2015, his 60-month sentence had long since expired. Thus, Wilson was no longer "in

4

custody" for purposes of challenging his conviction for aggravated stalking.  See id.

On appeal, Wilson argues that he satisfied the "in custody" requirement because he is still serving a life sentence for his attempted murder conviction in case No. 00-12480, which he contends is "positively and demonstrably related" to his conviction in case No. 99-18481.  Briefly stated, Wilson says he was compelled to commit attempted murder after discovering that his plea in case No. 99-18481 was fraudulently obtained.  We reject this argument.  The relationship between Wilson's plea for aggravated stalking and his incarceration for attempted murder is simply "too speculative and remote" to satisfy the statutory "in custody" requirement.  For background, see Van Zant v. Fla. Parole Comm'n, 104 F.3d 325, 327-28 (11th Cir. 1997), and Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979).

Because Wilson has failed to satisfy the statutory "in custody" requirement, the district court lacked jurisdiction to entertain Wilson's section 2254 habeas petition.  We affirm the dismissal.

AFFIRMED.