[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13504

Non-Argument Calendar

_____

EDWARD TYRONE RIDLEY,

Petitioner-Appellant,

*versus*

WARDEN ANTOINE CALDWELL,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cv-00013-LAG-TQL

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Ridley, a Georgia prisoner, appeals from the district court's *sua sponte* dismissal of his 28 U.S.C. § 2241 petition for lack of subject matter jurisdiction because Ridley did not meet Section 2241's "in custody" requirement. He argues that the district court had subject matter jurisdiction to review his challenge to a Georgia court's denial of his request to be removed from that state's sex offender registry because sex offender registration qualifies as "custody" under Section 2241. After review, we affirm.

## I.    BACKGROUND

Ridley was convicted of third-degree sexual battery in Florida in 1996. He contends that because his victim was a "twenty-year-old adult" the law did not require him to register as a sex offender, but that he was nevertheless placed on the Florida sex offender registry by mistake. When he later moved to Georgia, his inclusion on the Florida registry triggered a requirement under Georgia law that he register in Georgia. *See* O.C.G.A. § 42-1-19.

Ridley is currently confined at the Wilcox State Prison in Abbeville, Georgia for failing to register as a sex offender in Georgia in violation of state law. While incarcerated, Ridley filed a petition for release from Georgia's registration requirements under O.C.G.A. § 42-1-19 in state trial court. The court denied his

petition, and the Georgia Court of Appeals and Georgia Supreme Court declined to grant relief on appeal.

Ridley then filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 challenging the denial of his state court petition. Ridley argues that his placement on the Georgia registry violates his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. He contends that his presence on the registry has been a "chronic disability"—barring him from certain work and housing opportunities—causing him "severe mental anguish." Ridley specifically cautions that his petition does not challenge his Florida sexual battery conviction, his Georgia failure to register conviction, nor any other offense on his criminal record. Instead, he sought only to "challenge the two denials of the removal off [the] Georgia sexual offender registration."

The district court *sua sponte* dismissed the petition without directing a response from the State. It held that Ridley's presence on the registry did not render him "in custody" under Section 2241. Instead, it held that the registration requirement was merely a "collateral consequence" of his Florida sexual battery conviction. Because registration did not render Ridley "in custody," the district court concluded that it lacked subject matter jurisdiction and dismissed his habeas petition.

Ridley appealed. Because the state did not file an appellate brief, Ridley also filed a motion for "default judgment," by which he means a summary reversal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's finding that it lacked subject matter jurisdiction because the petitioner was not in custody when he submitted his habeas petition. *Diaz v. State of Fla. Fourth Jud. Cir. Ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012).

## III.    DISCUSSION

The district court dismissed Ridley's Section 2241 petition for lack of subject matter jurisdiction, concluding that, for the purpose of seeking habeas relief, he was not in custody based on his status as a registered sex offender in Georgia. After review, we deny Ridley's motion and affirm.

A district court lacks jurisdiction to hear a habeas petition unless the petitioner is in custody when the petition is filed. *Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997); *see also* 28 U.S.C. § 2241(c)(3). The petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). If a petitioner has served his sentence for an underlying conviction, "the collateral consequences of [the] conviction are not themselves sufficient to render an individual in custody." *Van Zant*, 104 F.3d at 327 (quoting *Maleng*, 490 U.S. at 492) (quotation marks omitted).

We affirm the district court for three reasons.

First, Ridley's petition is better construed as a civil rights action under 42 U.S.C. § 1983 than a petition for habeas relief. Ridley disclaims any challenge to his past convictions, including the one for which he is currently incarcerated, instead arguing that his continued presence on the Georgia registry violates his constitutional rights. An inmate would ordinarily pursue such claims by filing a civil rights suit under Section 1983—but that path is closed to Ridley because he is a "three-striker" under 28 U.S.C. § 1915(g). Because he has, on three or more previous occasions, brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim, he is now prohibited from bringing another civil action without paying the filing fee. *See* 28 U.S.C. § 1915(g); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Were his petition styled as a Section 1983 action, it would be subject to dismissal. Instead, he attempts to avoid Section 1915(g)'s three-strike rule by styling his complaint as a habeas petition.

Second, Ridley does not mount a challenge to any prior conviction that, if successful, would invalidate his current incarceration. Ridley disclaims any challenge to his initial placement on the registry, his conviction for violating Georgia's registry requirements for which he is presently incarcerated, and his Florida conviction for which he was required to register in the first place. Instead, he challenges only the Georgia courts' denial of his request for removal from the sex offender registry. Because his petition, even if successful, would not invalidate his current incarceration,

the district court lacked jurisdiction to consider his petition. *Maleng*, 490 U.S. at 492.

Third, we agree with the district court that Ridley's registration as a sex offender in Georgia is a collateral consequence of his Florida battery conviction, for which he has already served his prison sentence. *See Ridley v. Conley*, No. 5:16-CV-00192-MP-GRJ, 2016 WL 6634905, at *1 (N.D. Fla. Nov. 8, 2016). Georgia courts have repeatedly held that Georgia's sex offender registry requirement is "regulatory" in nature, not punitive, and that an individual may be compelled to register based on facts not found by a jury. *See Rainer v. State*, 690 S.E.2d 827, 828 (Ga. 2010); *Wiggins v. State*, 702 S.E.2d 865, 868 (Ga. 2010). Because registration in Georgia is a collateral consequence of Ridley's battery conviction rather than part of his punishment, his presence on the registry does not render him "in custody" under Section 2241. *See Van Zant*, 104 F.3d at 327.

Finally, Ridley is not entitled to a default judgment or summary reversal of the district court merely because the State did not file a brief. The State is not required to participate in this appeal because the district court *sua sponte* dismissed Ridley's petition without allowing the State's participation. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a district court to make a preliminary assessment of a habeas petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," to

dismiss it.[1] *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020). Only if the petition passes its initial assessment may the district court order the respondent to answer. *Id.*; *see also* Rules Governing Section 2254 Cases, R. 4 Advisory Committee Notes ("[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."). Here, Ridley's petition failed the initial assessment. Moreover, although Eleventh Circuit Rule 42-1(b) authorizes dismissal of an appeal where the *appellant* fails to file a brief, no Rule requires us to reverse a district court merely because the appellee did not file a brief. *See, e.g.*, 11th Cir. R. 30-1, 30-2, 31-1; Fed. R. App. P. 32. We therefore deny Ridley's motion.

For the foregoing reasons, the district court is **AFFIRMED** and Ridley's motion for a default judgment is **DENIED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases also applies to Section 2241 petitions like Ridley's, as provided by Rule 1(b).