[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15202
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-01153-HLA-JRK

RUBEN DIAZ,

                                        Petitioner - Appellant,

                    versus

STATE OF FLORIDA FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                        Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 11, 2012)

Before EDMONDSON and WILSON, Circuit Judges, and VINSON,* District Judge.

WILSON, Circuit Judge:

Petitioner Ruben Diaz appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to meet the "in custody" requirement. The district court found that because Diaz had completely served the sentence imposed by the state court, he was no longer "in custody pursuant to the judgment of a State court" as required by 28 U.S.C. § 2254(a). After review and oral argument, we affirm the district court's dismissal.

I

Back in 2002, Florida state officials arrested Diaz, and he was later indicted on state racketeering charges. Before going to court for the state counts, Diaz was transferred to federal custody and prosecuted on federal drug charges arising from the same events. After pleading guilty to the federal drug charges, Diaz was sentenced to a 150-month term of federal imprisonment, to be followed by a 5-year term of supervised release. The federal district court imposed this sentence to run concurrently with any state court sentence to be imposed under the state

---

* Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

indictment.[1]

In 2004, Diaz returned to state court to face the Florida racketeering charges. He entered a negotiated guilty plea to one count of the indictment, but his state sentence was not finalized for some time after entry of this plea. During his first sentencing, the state court sentenced Diaz to a total of twenty years of imprisonment to run concurrently with his federal incarceration. The state court later corrected an error in that sentence and clarified that Diaz was to serve the first 150 months (12.5 years) of his sentence in federal custody, thereby satisfying his federal term of imprisonment, and then return to state custody to serve the remaining 90 months (7.5 years).

The parties later concluded that Diaz was unable to begin his term of incarceration in federal custody. There was a disagreement over the extent to which Diaz would receive federal credit for his time served in state custody, so the state court fashioned a new sentence in hopes of effectuating the original result.[2] To achieve its original twenty-year sentence, the state court imposed a set of consecutive sentences. The state court sentenced Diaz to a term of 7.5 years of

---

[1] The Supreme Court recently held that a federal district court acts within its discretion to impose a sentence relative to an anticipated state court sentence based on the same underlying conduct. *Setser v. United States*, 566 U.S. ___, 132 S. Ct. 1463, 1468 (2012).

[2] The State now acknowledges that this resentencing was based on an apparent misunderstanding of federal law.

imprisonment to be served in state custody that was to run consecutively and prior to the 12.5-year federal sentence that had been imposed by the federal district court.[3]

On January 9, 2009, Diaz fully satisfied his state sentence of 7.5 years of imprisonment and was transferred into federal custody.[4] He requested a correction of the calculation of his federal sentence, seeking credit for time served in custody prior to the imposition of his federal sentence. In its administrative decision granting relief, the Federal Bureau of Prisons explained that the federal district court had imposed a sentence to run concurrently with Diaz's state confinement. It went on to clarify that Diaz's federal sentence commenced on March 24, 2004—the date he received the federal sentence—based on a "Nunc Pro Tunc Order issued by the Bureau of Prisons to have [his] federal sentence run concurrently to [his] state sentence." That decision reflects a projected release date of July 18, 2013.

In September of 2009, Diaz filed the instant § 2254 petition challenging the

_____

[3] No motion was filed to alter Diaz's federal sentence or to alert the federal district court to the state's newly devised sentence.

[4] While in state custody, Diaz filed a motion under 28 U.S.C. § 2255 to vacate his federal sentence. The district court denied that motion, and we declined to grant a Certificate of Appealability on any claim. Because this court has not granted Diaz the right to file a successive § 2255 motion, *see* 28 U.S.C. § 2255(h), we cannot construe his current filing as one seeking relief from his federal sentence.

constitutionality of his state convictions. The district court dismissed it because Diaz had already satisfied his state sentence prior to the filing of his federal habeas petition. The district court granted Diaz a Certificate of Appealability to permit appeal of the dismissal of his petition, and Diaz timely appealed to this court.

Whether a petitioner is "in custody pursuant to the judgment of a State court" is a jurisdictional question, *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (per curiam), and we review *de novo* a district court's dismissal for lack of jurisdiction, *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002).

## II

Federal district courts entertain petitions for habeas relief filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also id.* § 2241(c) (authorizing federal courts to grant habeas relief to a petitioner who is in custody illegally). A federal habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989) (per curiam). The issue before us is whether, at the time Diaz filed his habeas petition, he was in custody pursuant to the state judgment that is the subject of collateral attack. We conclude that he was not.

5

The record establishes that as of January 9, 2009, Diaz's state sentence had fully expired. He filed this § 2254 petition on September 30, 2009—well after his transfer into the custody of the Federal Bureau of Prisons. Diaz argues that the Supreme Court's decision in *Garlotte v. Fordice*, 515 U.S. 39, 115 S. Ct. 1948 (1995), compels the conclusion that in September of 2009 he was still "in custody" under his state sentence.[5]

*Garlotte* reiterated the principle that we "'very liberally construe[] the "in custody" requirement for purposes of federal habeas.'" 515 U.S. at 45, 115 S. Ct. at 1951 (quoting *Cook*, 490 U.S. at 492, 109 S. Ct. at 1926). It held that a petitioner in state custody may challenge the first of multiple, consecutive sentences imposed—even where the first sentence has already been served—because the multiplicity of sentences represents "a continuous stream" of custody under 28 U.S.C. § 2254(a). 515 U.S. at 41, 115 S. Ct. at 1949. Central to the Court's reasoning was that invalidation of the petitioner's first conviction "would advance the date of his eligibility for release from present incarceration." *Id.* at 47, 115 S. Ct. at 1952. Because a shortened term of incarceration implicated

---

[5] Diaz argues in his reply brief that the district court had jurisdiction because he is otherwise unable to obtain timely review of his constitutional claims. *See Daniels v. United States*, 532 U.S. 374, 383–84, 121 S. Ct. 1578, 1584 (2001) (plurality opinion). However, by only including this argument in his reply brief, he has waived it. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.11 (11th Cir. 2009).

the core concerns of federal habeas review, the Court held that the petitioner could challenge the first of two consecutive sentences, even though it had nominally expired prior to the filing of his habeas petition. *See id.*

Although we broadly construe the phrase "in custody," that requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. *See Cook*, 490 U.S. at 492, 109 S. Ct. at 1926. Thus, prior to *Garlotte*, the Supreme Court held that a petitioner was not "in custody" for purposes of the federal habeas statute where his sentence had expired and the prior conviction would "be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* Importantly, the Court noted—and *Garlotte* did not suggest otherwise—that it has never held that "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491, 109 S. Ct. at 1925.

Construing the custody requirement liberally, we find that Diaz's state sentence had fully expired at the time he filed his § 2254 petition and therefore deprived the district court of jurisdiction to decide the petition's merits. Diaz is not currently under any "present restraint" attributable to his state conviction. Moreover, the "core purpose of habeas review" identified in *Garlotte*—the

7

shortening of the overall term of incarceration—is not implicated in this scenario where different sovereigns impose individual sentences and the petitioner challenges the conviction for which the sentence has been fully satisfied. *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1269–70 & n.1 (10th Cir. 2003) (holding that the petitioner did not meet the § 2254(a) "in custody" requirement when he challenged an expired state conviction that ran consecutively to his present federal incarceration); *Allen v. Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998) ("*Garlotte* applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction."). A federal court's grant of habeas relief here would do nothing to alter Diaz's present term of federal incarceration because the federal government is generally not required to credit any portion of a prisoner's time served in state custody. *See Setser v. United States*, 566 U.S. \_\_\_, 132 S. Ct. 1463, 1471 (2012) ("If a prisoner . . . starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody."). Because Diaz's state sentence is fully expired and a grant of relief would not serve to accelerate his release from federal confinement, we find that at the time of filing

8

he was not "in custody pursuant to the judgment of a State court" within the meaning of 28 U.S.C. § 2254(a).

We are aware of the categorical language that other courts have used to describe *Garlotte*. *See, e.g.*, *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) ("*Garlotte* allows us to review a completed sentence when the prisoner . . . is still serving a sentence imposed by a different court at a different time."); *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002) ("There is no indication in the language of *Garlotte* that these principles are or should be limited to the particular facts that the Court was faced with in that case."). However, neither *DeFoy* nor *Foster* is inconsistent with our conclusion here, as each involved a situation where the petitioner was serving the latter of two sentences imposed by the *same sovereign*—in each case different courts within the same state.[6] In *DeFoy*, the Third Circuit ruled that the "in custody" requirement was satisfied where two different Pennsylvania state courts imposed consecutive sentences of imprisonment at different times. As in *Garlotte*, a successful collateral attack would alter the second sentence because the "effect of any error as to the former [conviction] was to delay the start of the latter." 393 F.3d at 442.

---

[6] After *Foster*, the Tenth Circuit clarified that the broad language it previously used to describe *Garlotte* was, indeed, not as broad as it may have appeared on paper. *See Brown*, 315 F.3d at 1270 n.1.

9

Along those same lines, the Tenth Circuit in *Foster* held that, where different courts within the same state impose consecutive sentences at different times, a petitioner is in custody under 28 U.S.C. § 2254(a) for the entirety of his stream of state incarceration. 296 F.3d at 949–52. Again, the court found noteworthy that state law required credit for any time served in the event of relief and, thus, a successful habeas petition could affect the term of incarceration. *See id.* at 950–51. And importantly, in each of these cases the petitioner was still in state custody under *some* judgment of a state court, even though it was not the one being collaterally attacked. *See DeFoy*, 393 F.3d at 441 (noting that petitioner was serving a sentence for state sex offenses); *Foster*, 296 F.3d at 948 (describing petitioner as serving a fifteen-year sentence imposed by a state court).

III

Because Diaz fully served his state sentence and is presently in custody of a different sovereign, his relied-upon legal authority is uninstructive. Moreover, this case does not present a situation where a habeas petitioner seeks to attack a sentence yet to be served, *e.g. Cook*, 490 U.S. at 493, 109 S. Ct. at 1926 (permitting collateral attack on a yet-to-be-served conviction in another state), or one in which a successful § 2254 petition would affect the current incarceration, *e.g. Garlotte*, 515 U.S. at 47, 115 S. Ct. at 1952. As a result of the full satisfaction

10

of the state court judgment, Diaz has been transferred to the sole custody of the Federal Bureau of Prisons to serve the remainder of his sentence. He is thus no longer in custody pursuant to any judgment of a state court, and the district court properly dismissed the petition.

**AFFIRMED.**