[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10649
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-62864-WPD

HARRY MCCRAY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Harry McCray, proceeding pro se, appeals the district court's dismissal of his § 2254 habeas corpus petition for failure to satisfy the "in custody" requirement for federal habeas jurisdiction and for being time-barred.  A certificate of appealability ("COA") was granted on the following two issues:

(1)    Whether the district court's procedural ruling that it lacked jurisdiction to entertain the § 2254 petition with respect to the civil commitment claim was correct.

(2)    Whether the district court's procedural ruling that the § 2254 petition was untimely was correct.

On appeal, McCray reiterates his substantive challenges to his 2006 convictions, including his claims that he received ineffective assistance of counsel, that his counsel had a conflict of interest, and that the jury instructions regarding his counts of conviction were deficient.  He does not address the issues articulated in the COA.

We review de novo a district court's decision to dismiss a habeas petition for lack of subject matter jurisdiction.  Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty., 683 F.3d 1261, 1263 (11th Cir. 2012).  The scope of review in a habeas appeal is limited to the issues specified in the COA.  Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998).  Although we read pro se briefs liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

2

Because McCray's appellate brief does not address either of the two issues specified in the COA, those issues have been abandoned, and his substantive arguments on appeal about his 2006 convictions cannot be considered. Accordingly, we affirm the district court's dismissal of McCray's § 2254 petition.

**AFFIRMED.**