[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13674
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61165-WPD

JOHN M. KROTT,

Petitioner-Appellant,

versus

WALTON CI WARDEN,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 20, 2018)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

John Krott, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of jurisdiction.

Krott pleaded guilty on June 30, 2006, to driving with a suspended license and was sentenced that day to time served. He is currently serving a 30-year sentence on a robbery conviction, which was imposed on September 7, 2007. In his § 2254 petition, Krott challenges his 2006 conviction, contending that law enforcement fabricated a warrant to arrest him for driving with a suspended license, and that without the warrant he could not have been arrested for the robbery offense. The court dismissed his petition for lack of jurisdiction on the ground that Krott is not in custody under the 2006 conviction because that sentence expired. This is his appeal.

The district court did not err in dismissing Krott's petition for lack of jurisdiction. Federal courts have jurisdiction to consider a habeas petition from a petitioner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A federal habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Diaz v. State of Fla. Fourth Judicial Circuit, 683 F.3d 1261, 1264 (11th Cir. 2012) (quoting Maleng v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989)). Although we broadly construe the "in custody" requirement, a petitioner

2

cannot satisfy that requirement if he "suffers no present restraint from the conviction being challenged." Id. (quotation marks omitted).

Krott concedes that he challenges only his conviction for driving with a suspended license. That sentence expired on June 30, 2006, which means he is no longer "in custody" under that sentence. See Maleng, 490 U.S. at 492, 109 S. Ct. at 1926 (concluding that a petitioner whose sentence "has completely expired" is no longer "in custody" under that sentence). He argues that he can challenge that conviction because it led to his robbery conviction, but the collateral consequences of a conviction are not enough to satisfy the "in custody" requirement. See id. ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). And he cannot satisfy the two exceptions to the "in custody" requirement because his robbery sentence was not enhanced by his 2006 conviction and the two sentences are not consecutive. See Van Zant v. Fla. Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997) ("[A] petitioner may challenge an expired conviction only if, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction."); Diaz, 683 F.3d at 1264 ("[A] petitioner in state custody may challenge the first of multiple,

consecutive sentences imposed[,] even where the first sentence has already been served . . . .") (citing <u>Garlotte v. Fordice</u>, 515 U.S. 39, 115 S. Ct. 1948 (1995)).

**AFFIRMED.**