[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13097
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00574-MHT-GMB


DAOUD BOONE,

Petitioner-Appellant,

versus

WARDEN, ATTORNEY GENERAL,
STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 23, 2020)


Before EDMONDSON, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Daoud Boone, an Alabama state prisoner, appeals the district court's dismissal -- for lack of jurisdiction -- of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  No reversible error has been shown; we affirm.

In November 2007, Petitioner was arrested for capital murder and for unlawful possession of a controlled substance, in violation of Alabama law. Petitioner was tried in state court on both charges in September 2009.  The jury found Petitioner guilty of unlawful drug possession but failed to reach a verdict on the capital murder charge.  The state court, thus, declared a mistrial on the murder charge.  On 3 November 2009, the state court sentenced Petitioner to 18 months' imprisonment on the drug conviction with "credit for time served" for the 23 months Petitioner had spent in jail awaiting trial.

At a later retrial on 23 November 2010, the jury found Petitioner guilty of capital murder.  On the same day, the state court sentenced Petitioner to life imprisonment without the possibility of parole.[1]

---

[1] Petitioner has filed a separate section 2254 habeas petition challenging his 2010 capital murder conviction and sentence.  That conviction is not at issue in this appeal.

In July 2016, Petitioner filed pro se the instant section 2254 habeas petition challenging his 2009 drug conviction and sentence.[2] The magistrate judge issued a report and recommendation ("R&R"), recommending that the petition be dismissed for lack of jurisdiction. The magistrate judge determined that Petitioner was not "in custody" for purposes of challenging the 2009 drug conviction in a section 2254 habeas petition. The district court overruled Petitioner's objections, adopted the R&R, and dismissed the petition for lack of jurisdiction.

This Court granted Petitioner a certificate of appealability on this issue: "Whether the district court erred in dismissing Mr. Boone's § 2254 petition for lack of jurisdiction on the basis that he was no longer in custody on the drug-possession conviction."

Whether a habeas petitioner is "in custody" for purposes of section 2254 is a jurisdictional question that we review de novo. Diaz v. Fla. Fourth Judicial Circuit, 683 F.3d 1261, 1263 (11th Cir. 2012). Federal courts have jurisdiction to consider a habeas petition from a petitioner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A

---

[2] That Petitioner exhausted properly his remedies in state court before filing his section 2254 petition is undisputed.

3

federal habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Diaz, 683 F.3d at 1264.

On appeal, Petitioner first contends that -- as a matter of Alabama law -- his 2009 sentence for his drug-possession conviction must be construed as having been imposed consecutive to Petitioner's 2010 sentence for his capital murder conviction. We need not decide that issue, however, because Petitioner cannot satisfy the "in custody" requirement even if we assume (without deciding) that his 2009 sentence was consecutive to his 2010 sentence.

The Supreme Court has stressed that -- although the phrase "in custody" is construed broadly -- a habeas petitioner cannot satisfy that requirement if he "suffers no present restraint from" the conviction he seeks to challenge. Garlotte v. Fordice, 515 U.S. 39, 45 (1995); Maleng v. Cook, 490 U.S. 488, 492 (1989).

In Garlotte, the Supreme Court considered whether a petitioner in state custody could challenge the first of two consecutively-imposed sentences, even though the first sentence had already been served by the time the habeas petition was filed. 515 U.S. at 41. Critical to the Supreme Court's analysis was that -- under the circumstances of that case -- the invalidation of the challenged conviction "would advance the date of [petitioner's] eligibility for release from present incarceration." Id. at 47 (noting that the challenged conviction would "postpone Garlotte's eligibility for parole"). As a result, the Supreme Court

4

concluded that petitioner satisfied the "in custody" requirement because -- if petitioner were to prevail in challenging his conviction -- his term of incarceration would be shortened: a result that "implicate[d] the core purpose of habeas review." Id.

Unlike in Garlotte, a grant of habeas relief in this case would result in no shortening of Petitioner's term of incarceration. Petitioner is serving a life sentence without the possibility of parole for his capital murder conviction. Nothing evidences -- and Petitioner makes no assertion -- that his 2009 drug conviction was used to enhance Petitioner's sentence for capital murder. See Van Zant v. Fla. Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997) (concluding that a petitioner "may challenge an expired conviction only if, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction."); see also Code of Ala. §§ 13A-5-39 (a "capital offense" under Alabama law "shall be punished by a sentence of death or life imprisonment without parole . . . ."); 13A-5-40 (Alabama's capital murder statute).

The circumstances of this appeal are, instead, materially similar to the circumstances involved in our decision in Diaz.[3] Like the Petitioner here, the

---

[3] We reject Petitioner's argument that Diaz is inapplicable on grounds that Diaz involved consecutive federal and state sentences, instead of two consecutive state sentences. That the petitioner in Diaz had been sentenced by different sovereigns was pertinent only to our

petitioner in <u>Diaz</u> filed his section 2254 petition after he had already served in full the first of two consecutively-imposed sentences. <u>See</u> 683 F.3d at 1263. Because a grant of habeas relief would not have accelerated Diaz's release from custody, we concluded that Diaz was under no "present restraint attributable to his [challenged] conviction" and, thus, was not "in custody" for purposes of section 2254. <u>Id</u>. at 1265 (explaining that the "core purpose of habeas review identified in <u>Garlotte</u> -- the shortening of the overall term of incarceration -- [was] not implicated" under the circumstances (quotations omitted)). As in <u>Diaz</u>, a grant of habeas relief in this case would result in no change to Petitioner's life sentence without parole.

Petitioner argues that his 2009 drug conviction may still result in collateral consequences in the future. Petitioner says that the drug conviction could be used as evidence against him in the event he is retried on the capital murder charge. Petitioner also says that the drug conviction could impact negatively his ability to obtain "executive clemency or a commutation from the Governor or a pardon from the Alabama Board of Pardons and Paroles." The Supreme Court has made clear, however, "that once the sentence imposed for a conviction has completely expired,

---

determination that the invalidation of Diaz's state conviction would have no impact on the term of Diaz's federal sentence. We reach the same conclusion here -- that the invalidation of Petitioner's 2009 drug conviction would have no impact on the term of Petitioner's sentence for his 2010 capital murder conviction -- based on the nature of Petitioner's state convictions and sentences.

the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492 (concluding that a habeas petitioner is not "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.").

Petitioner has failed to show that he was under a "present restraint" attributable to his 2009 drug conviction at the time he filed his section 2254 petition. Petitioner was thus not "in custody" for purposes of challenging that conviction. The district court committed no error in concluding that Petitioner's section 2254 petition was subject to dismissal for lack of jurisdiction.

AFFIRMED.