[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-12685

Non-Argument Calendar

_____

STEVEN CLAYTON THOMASON,

Petitioner-Appellant,

*versus*

STATE OF ALABAMA HOME BUILDERS LICENSURE BOARD,

Respondent,

2                    Opinion of the Court                    20-12685

ATTORNEY GENERAL, STATE OF ALABAMA,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket Nos. 2:19-cv-00160-MHT-CSC

_____

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Thomason appeals the district court's denial of his Fed. R. Civ. P. 52(c) motion and his motion to reconsider in his 28 U.S.C. § 2254 proceedings, which resulted in his § 2254 petition being dismissed for lack of subject-matter jurisdiction. He argues that the district court erred in denying his Rule 52(c) motion because he alleged sufficient facts in his § 2254 petition that would allow the district court to make partial findings necessary to find that he was entitled to habeas relief.

"Whether a petitioner is in custody pursuant to the judgment of a State court is a jurisdictional question" we review *de novo*. *Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cty.*, 683 F.3d 1261, 1263 (11th Cir. 2012) (quotation marks omitted). Where we have jurisdiction, we review the district court's denial of a motion for entry of Rule 52(c) final judgment for an abuse of discretion. *See In re Fisher Island Inv., Inc.*, 778 F.3d 1172, 1198 (11th Cir. 2015) (noting court's discretion in deciding whether to grant Rule 52(c) motion).

> Rule 52(c) provides as follows:
> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).

Here, the district court did not err or otherwise abuse its discretion in denying Thomason's Rule 52(c) motion or the motion for reconsideration. There was never a bench trial or judicial fact-finding necessary for the district court to make a judgment on

partial findings.  Thomason was not entitled to the district court using the Rule 52(c) motion to revisit his claims in his § 2254 petition or to any other relief via that motion because the district court dismissed the petition for lack of subject-matter jurisdiction.

**AFFIRMED.**