[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12794

Non-Argument Calendar

_____

DERRICK TYRONE JENKINS,

Petitioner-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80034-RLR

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Derrick Jenkins appeals the district court's order adopting in part the magistrate judge's report and recommendation and dismissing his 28 U.S.C. § 2254 habeas corpus petition for lack of jurisdiction. Jenkins asserts the district court erred by dismissing his § 2254 petition because, although the sentence of the conviction he was seeking to challenge had expired, he still satisfied the "in custody" requirement under an exception stated by the Supreme Court in *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394 (2001). Alternatively, he contends he is eligible for relief from his conviction under the writs of error *coram nobis* and *audita querela*.

### I. 28 U.S.C. § 2254

A habeas corpus petition filed under § 2254 challenging a state court conviction may only be considered when the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). We have construed the custody requirement "very liberally . . . and it is by now well-settled the 'use of habeas corpus is not restricted to situations in which the applicant is in actual, physical custody.'" *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (alterations omitted) (quoting *Jones v. Cunningham*, 371 U.S. 236, 239 (1963)). "Even in light of this broad interpretation given to the phrase in custody, the term still requires that the state exercise some control over the petitioner." *Id.* (quotation marks omitted).

The district court did not err when it found Jenkins failed to meet the "in custody" requirement and when it dismissed his § 2254 petition for lack of jurisdiction. *See Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012) (explaining the finding a petitioner is not "in custody" for purposes of § 2254(a) is a jurisdictional question reviewed *de novo*). Although this Court construes this requirement "very liberally," the restraints Jenkins received as a result of his contempt conviction were insufficient. *See Howard*, 776 F.3d at 775.

The restraints Jenkins asserts constituted custody were collateral consequences of his expired conviction, which the Supreme Court explained are insufficient to satisfy the requirement. The Court explained in *Maleng v. Cook* that it had never held "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." 490 U.S. 488, 491 (1989) (emphasis in original). It added, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Jenkins' restrictions on filing documents or making communications are distinct from and less burdensome than other restraints the Supreme Court and our Court have identified. In *Jones*, the Supreme Court held a defendant who was placed on parole was "in custody." 371 U.S. at 241-42. It reasoned the conditions and restrictions of parole constituted custody because "they

significantly restrain[ed] [the] petitioner's liberty to do those things which in this country free men are entitled to do." *Id.* at 242-43. The conditions the petitioner faced because of his parole included the requirements he live in a specific place; his parole could be revoked or modified at any time; he could be arrested and returned to prison for cause; he obtain permission to leave the community, change residence, or own a car; and he make monthly reports to a parole office. *Id.* at 237.

Conversely, in *Clements v. Florida*, we held Florida sex offender registration requirements did not constitute a restraint on liberty sufficient to meet the "in custody" requirement. 59 F.4th 1204, 1216-17 (11th Cir. 2023). We concluded that, although the registration and reporting requirements were "demanding and not the sort of obligations and restraints 'shared by the public generally,'" they were still "less oppressive in terms of personal liberty than the restraints faced by the parolee in *Jones*" or those described in other cases in which the Supreme Court found nonincarcerated individuals were in custody, such as "persons released on personal recognizance bonds" and "noncitizens subject to deportation and under supervision." *Id.* at 1215. We justified our conclusion because the petitioner was "not at the beck and call of state officials," was "not required to live in a certain community or home," did "not need permission to hold a job or drive a car," and, although he was required to provide in-person notice when he was leaving the state and country, he did not need the permission of state officials to make the trips. *Id.*

Moreover, there is no caselaw to support Jenkins' contention that restrictions on constitutionally protected speech could constitute a sufficiently significant restraint on liberty to rise to the level of custody, especially considering the fact this Court has held even more intrusive and restrictive conditions did not satisfy the requirement. *See Clements*, 59 F.4th at 1215-17.

Because Jenkins was no longer "in custody," the district court did not have jurisdiction over his § 2254 petition. *See* 28 U.S.C. § 2254. And Jenkins has failed to show that an exception to the custody requirement applied or even existed. Jenkins' reliance on the plurality in *Lackawanna* is inapt for two reasons. First, the actual-innocence exception described by Justice O'Connor was separate from the majority opinion's discussion of the custody requirement. *See Lackawanna Cnty. Dist. Att'y*, 532 U.S. at 401-06. The Court concluded the petitioner in that case satisfied the custody requirement because he was incarcerated based on a sentence that had been enhanced by the expired conviction that he was seeking to challenge. *See id.* at 401-02. Justice O'Connor's contemplation of an actual innocence exception, on the other hand, was in reference to the conclusion that, even though the petitioner could satisfy the custody requirement, he could not challenge his expired conviction because he had failed to do so within the necessary time limit. *See id.* at 402-06. The considered exception had nothing to do with the threshold custody requirement. *See id.* at 401-06.

Second, even if *Lackawanna* provided for an actual-innocence exception to the custody requirement, Jenkins was not

eligible for it. His First Amendment argument was not based on "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner," but rather on a constitutional argument that he made at trial. *See id.* at 405. Justice O'Connor clarified "the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition," which is not true in this case because there was no subsequent sentence that could have been affected by Jenkins' expired contempt conviction. *See Lackawanna Cnty. Dist. Att'y*, 532 U.S. at 406. That comment supports the conclusion that this considered exception did not apply to the custody requirement. *See id.*

In sum, the district court did not err by dismissing Jenkins' § 2254 petition for lack of subject matter jurisdiction because he was not in custody pursuant to the judgment of a state court, and no exception to that requirement applied. *See* 28 U.S.C. § 2254(a); *Diaz*, 683 F.3d at 1263. Therefore, we affirm.

## II.  OTHER AVENUES OF RELIEF

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Penn. Bureau of Corr. v U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "[T]he All Writs Act and

23-12794                Opinion of the Court                    7

the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction." *United States v. Denedo*, 556 U.S. 904, 913 (2009).

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). "[C]oram nobis is not available in federal court as a means of attack on a state criminal judgment." *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968).[1] "*Audita querela*, Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (quoting Black's Law Dictionary 126 (7th ed. 1999)). However, the writs of error *coram nobis* and *audita querela* have been abolished in the civil context. Fed. R. Civ. P. 60(e).

The district court did not err by dismissing Jenkins' alternative petitions for writs of error *coram nobis* and *audita querela* because, once it dismissed his § 2254 petition for lack of jurisdiction, it did not have independent jurisdiction to consider his alternative petitions. *See Holt*, 417 F.3d at 1174 ("We review *de novo* the

_____

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela*."); *Mills*, 221 F.3d at 1203 (considering the legal question of whether a writ of error *coram nobis* is available for a certain claim *de novo*). Regardless, relief under the writs of error *coram nobis* and *audita querela* was not available to Jenkins because he was seeking to challenge a state court conviction in federal court based on a claimed error that did not arise subsequent to the trial court's judgment.

**AFFIRMED.**