[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11353

Non-Argument Calendar

_____

LOUIS MATTHEW CLEMENTS,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00294-JES-NPM

_____

Before ROSENBAUM, NEWSOM, and KIDD, Circuit Judges.

PER CURIAM:

Louis Clements appeals the dismissal of his second 28 U.S.C. § 2254 petition filed in April 2024. The district court concluded that it lacked subject matter jurisdiction over the petition because Clements was not "in custody" within the meaning of § 2254(a). After careful review, we vacate the district court's order dismissing Clements's petition and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2008, Clements pleaded guilty to a single count of lewd and lascivious conduct, in violation of Fla. Stat. § 800.04(6). He was sentenced to five years of sex-offender probation, the terms of which "provided that he qualified and shall register with the Florida Department of Law Enforcement as a sexual offender pursuant to Fla. Stat. § 943.0435."

In 2017, roughly four years after the expiration of his probationary term, Clements, proceeding *pro se*, filed his first § 2254 petition in the United States District Court for the Middle District of Florida, challenging his conviction on various grounds. The district court dismissed the petition for lack of jurisdiction, concluding that Clements's obligations to comply with Florida's registration and reporting requirements for sex offenders did not place him "in custody" for habeas purposes. On appeal, we affirmed, holding, "admittedly with some hesitation," that "[t]he restrictions on freedom

of movement" imposed by Florida's lifetime registration and reporting requirements were "not severe enough" to place sex offenders "in custody" under § 2254(a)). *Clements v. Florida* (*Clements I*), 59 F.4th 1204, 1215–17 (11th Cir.), *cert. denied.*, 144 S. Ct. 488 (2023).

For the first time on appeal, Clements also argued in his *pro se* brief that the residency restrictions Florida imposes on sex offenders contributed to his being "in custody." *Id.* at 1208. We declined to consider the impact of these restrictions, however, because Clements had not raised the argument before the district court and the record was underdeveloped as to that issue. *Id.* at 1208–09. We further noted that we could not take judicial notice of how much land was covered by these residency restrictions "[w]ithout access to appropriate and detailed maps and plats—at a minimum." *Id.* at 1209. We explained that without knowing where Florida's schools, daycares, parks, and playgrounds were located, we could not "sketch out the residency buffer zones as experts might do," and Clements did not provide "the specifics necessary. . . to evaluate the" impact of those restrictions on appeal. *Id.* at 1209 & n.1. We thus expressly reserved consideration of that issue "for another day." *Id.* at 1208, 1215.

In April 2024, Clements filed his second *pro se* § 2254 petition, again challenging the constitutionality of his § 800.04(6) conviction. This petition provides the basis for the instant appeal. Clements's petition included an "Explanation Regarding Lack of Custody," which acknowledged the question left open by *Clements I* and

argued that, because Florida restricted registered sex offenders to "living in only 50% of the State[']s land," the district court should conclude that he was "in custody" for habeas purposes.

The district court, acting on its own accord, dismissed Clements's petition for lack of jurisdiction. The court stated that Clements had failed to "address[] his custody status" or "assert[] that it ha[d] changed," so it was bound by *Clements I*'s determination that he was not "in custody." It noted the fact "[t]hat Clements now believe[d] he ha[d] a new basis" to bring a § 2254 petition "d[id] not alter the fact that th[e] [c]ourt [wa]s without jurisdiction to consider it."

Clements then moved for reconsideration and argued, among other things, that *Clements I* did not address the impact of the residency restrictions on his custody status. The district court denied Clements's motion. First, it stated that it would not ignore this Court's binding decision in *Clements I* just because Clements had identified an "alternate reason" for why he was in custody. Second, the court found that Clements's motion merely restated the arguments in his petition, which was insufficient to carry his burden for reconsideration. This appeal followed.[1]

---

[1] Ordinarily, a certificate of appealability ("COA") is required to appeal the denial of a § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A). However, Clements was not required obtain a COA in the instant case because his petition was dismissed for a lack of subject matter jurisdiction. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

## II. STANDARD OF REVIEW

We review *de novo* a district court's dismissal of a § 2254 petition for lack of jurisdiction. *Diaz v. Fla. Fourth Jud. Cir.*, 683 F.3d 1261, 1263 (11th Cir. 2012).

## III. DISCUSSION

Federal courts may hear petitions for habeas relief filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, federal courts lack jurisdiction to consider a § 2254 petition from a petitioner who was not "in custody" at the time of filing. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Section 2254(a)'s "in custody" requirement is construed "very liberally." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (quotation marks omitted). An individual need not be physically imprisoned to be "in custody" for habeas purposes. *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963). Instead, significant restraints on a person's "liberty to do those things which in this country free men are entitled to do," when those restraints are not shared by the public generally, can be sufficient to satisfy the "in custody" requirement. *Id.* at 242–43. The relevant inquiry is whether a petitioner's actions and movements are substantially limited when looking at the cumulative effect of the restrictions on the petitioner's autonomy. *See Clements I*, 59 F.4th at 1214, 1217.

Here, contrary to the district court's belief, *Clements I* is not binding as to whether Clements is "in custody" for the purposes of

his instant petition. In the prior case, we expressly reserved consideration of the residency requirements "for another day," as Clements had neither raised the argument in the district court nor developed a complete factual record. *Id.* at 1208, 1215. Florida's sex-offender residency requirements are, therefore, more than an "alternate reason" why Clements may be "in custody" for the purposes of the instant case. These restrictions present a potential custodial constraint on Clements's liberty, and our Court explicitly left open the consideration of the restrictions. *Id.* at 1208–09. As such, the district court erred by not considering Clements's new "in custody" arguments and by *sua sponte* dismissing the petition before the state could respond, thereby denying the parties the opportunity to fully develop their arguments regarding the impact of Florida's residency restrictions on Clements's custody status.

We must now consider whether, despite the district court's error, the record on appeal is sufficiently developed for our Court to resolve Clements's new "in custody" arguments. Clements took the first step to getting this issue before our Court by arguing in his *pro se* filings before the district court that Florida's sex-offender residency requirements, along with its registration and reporting requirements, sufficiently restrict his liberty so as to render him "in custody." Now counseled on appeal, Clements maintains this argument but attempts to supplement his contentions by providing maps as well as citing studies and academic articles in his brief. However, much of this information is not a part of the record on appeal because it was not first presented to the district court. *See* Fed. R. App. P. 10(a).

"We ordinarily do not review materials outside the record on appeal," *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1357 (11th Cir. 2007), and "[a]s an appellate court, we do not sit as a collective trier of fact," *Clements I*, 59 F.4th at 1209. We therefore decline to consider Clements's evidence regarding Florida's residency restrictions in the first instance and conclude that the record is underdeveloped at this stage for meaningful review of the issues Clements presents on appeal.

We remand this case to the district court to permit the parties the opportunity to develop the record as to the restrictions imposed by Florida's sex-offender residency requirements. The district court shall then rule on whether these residency restrictions, considered in combination with the registration and reporting requirements, render Clements "in custody" for habeas purposes.

## IV. CONCLUSION

For the reasons stated above, we **VACATE** the district court's order dismissing Clements's § 2254 petition and **REMAND** for the court to evaluate whether Florida's residency requirements, in conjunction with the registration and reporting requirements, may render Clements "in custody" under § 2254(a).